UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00730-FDW-DSC

| | |
|---|---|
| JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER**<br>CATHLEEN MARY FOWLER and JOHN )<br>M. FOWLER, )<br>)<br>Defendants. )<br>) | |

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed under Pseudonym. (Doc. No. 9). Plaintiff and Defendant Cathleen Fowler have fully briefed the motion and filed their respective Supplemental Memoranda as ordered by the Court. For the reasons discussed below, Plaintiff's Motion for Leave to Proceed under Pseudonym is GRANTED.

I. PROCEDURAL BACKGROUND

On December 20, 2017, Plaintiff filed this action against Cathleen Mary Fowler and John M. Fowler under the pseudonym Jane Doe. (Doc. No. 1). Plaintiff asserts a claim under 18 U.S.C. § 2255 against John Fowler and seeks recovery for "all personal injuries caused by [his] violation of 18 U.S.C. § 2423(c) with a minimum liability of $150,000." (Doc. No. 1 at 6). Plaintiff also seeks remedies provided under the North Carolina Voidable Transactions Act ("NCVTA") against Cathleen Mary Fowler for the alleged liability of her ex-husband John Fowler pursuant to 18 U.S.C. § 2255. (Doc. No. 1 at 7-8).

A few months later, Plaintiff filed a Motion for Leave to Proceed under Pseudonym (the "Motion") (Doc. No. 9). Defendant Cathleen Fowler timely filed an answer to the Complaint

(Doc. No. 10) and a Memorandum (Doc. No. 16) in opposition to Jane Doe's Motion. As John Fowler failed to file an answer after service, Plaintiff moved and obtained entry of default against John Fowler. (Doc. Nos. 13, 21). To date, John Fowler has not appeared in this case.

## II. STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 10(a) requires that the "title of the complaint must name all the parties[,]" and "disclosing the parties' identities furthers openness of judicial proceedings[,]" Co. Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014) (citations omitted), the Fourth Circuit has recognized that "under appropriate circumstances anonymity may, as a matter of discretion, be permitted[,]" James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). "[P]rivacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." Id. When presented with a request to proceed anonymously, courts have "a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." Id. Factors that courts consider in determining whether a litigant can proceed anonymously include:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id.; see also Co. Doe, 749 F.3d at 273.

Courts analyze the James factors holistically and may consider factors and circumstances not enumerated in James. See Roe v. Wayne Cty. Bd. of Educ., No. 3:17-cv-0094, 2017 U.S. Dist. LEXIS 35979 (S.D. W. Va. Jan. 12, 2017); Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004).

2

## III. ANALYSIS

Plaintiff argues that Defendant John Fowler's repeated sexual violation and exploitation of her as a minor constitutes a sensitive and highly personal matter. (Doc. No. 9-3 at 3). Specifically, Plaintiff argues that disallowing her anonymity as to any claim could allow others to link the online pornographic images posted by John Fowler to her name, subjecting her to trauma and reputational harm. (Doc. No. 9-3 at 4; Doc. No. 23 at 2; see also Doc. No. 19-2). In addition to raising the non-sensitive nature of the claim against her and the options for bifurcation in this case, Defendant Cathleen Fowler argues Plaintiff's concern about the pornographic images and her identity are unfounded. (Doc. No. 24 at 5). Yet, Cathleen Fowler's sole basis for this is a lack of evidence that anyone will find out that Plaintiff is involved in this litigation. (Doc. No. 24 at 5). However, this rationale ignores that search engines will make the identity of all parties in this case known. Public Access to Court Electronic Records ("PACER"), WestLaw, Lexis, Google, etc. all provide means for dissemination of Plaintiff's name in connection with John Fowler and Cathleen Fowler's name and many other online tools can allow this information to go viral. Cf. Plaintiff B v. Francis, 631 F.3d 1310, 1318-19 (11th Cir. 2011) (finding court abused its discretion by discounting the harm of plaintiffs' association with pornographic videos using their images given the availability of the videos online and online search engines).

Other courts have found the distribution of child pornography involving the plaintiff highly sensitive and personal and identification of the plaintiff to result in substantial mental suffering. Doe v. Clazmer, No. 10-C-0992, 2011 WL 5040604 at *2 (E.D. Wis. 2011); see also Francis, 631 F.3d at 1317 (finding allegations that Plaintiffs were filmed in various stages of nudity engaging in explicit sexual conduct while minors upon coercion of defendants, which was marketed by Defendants in films as pornography, as highly sensitive and personal). In addition to declaring

3

that since John Fowler's abuse, she has "received and continue to receive counseling and therapy" and suffered "extreme anxiety," Plaintiff also believes public identification would cause her emotional, psychological, and reputational harm.[1] (Doc. No. 9-1). Although concerns of embarrassment and shame may be insufficient for the rare dispensation of anonymity, see Doe v. North Carolina Cent. Univ., 1:98CV01095, 1999 WL 1939248, at *3 (M.D.N.C. Apr. 15, 1999) (addressing civil rights action by plaintiff alleging sexual assault by supervisor when of majority), the association with pornographic images taken when of minority, coupled with sexual abuse, may elicit severe psychological harm in addition to embarrassment, cf. Francis, 631 F.3d at 1317-18; Doe v. St. John's Episcopal Parish Day Sch., Inc., 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (finding allegations of childhood sexual abuse while a minor sensitive and highly personal); John Doe 140 v. Archdiocese of Portland in Oregon, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"); John Doe v. Kolko, 242 F.R.D. 193, 197 (E.D.N.Y 2006) (noting that none of the cases relied on by defendants addressed sexual assault of a child). Further, there are no procedural mechanisms besides allowing Plaintiff to proceed anonymously to prevent the association of her name with the Fowlers and the pictures distributed by John Fowler.[2] Even if default judgment resolves the claim against John Fowler

---

[1] The Court acknowledges that Plaintiff has not presented medical evidence for her contentions regarding her psychological trauma. At this time, the Court does not hold lack of medical evidence determinative of Plaintiff's Motion. However, Defendant may move for reconsideration after the close of discovery if Plaintiff fails to produce medical evidence or testimony from a medical professional concerning Plaintiff's psychological harm.

[2] Defendant Cathleen Fowler suggests the Court can seal these proceedings and the trial. (Doc. No. 24 at 3). However, sealing a trial and proceedings impairs the public's first amendment guarantees more than anonymity. Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981).

> The public right to scrutinize governmental functioning, 100 S. Ct. at 2827, is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name. These crucial interests served by open trials, see Richmond Newspapers, 100 S. Ct. at 2826-29, are not inevitably compromised by allowing a party to proceed anonymously.

before a trial on the NCVTA claim against Cathleen Fowler, he and his ex-wife, who shares his surname, are named parties in this case and will remain on the docket associated with this case.

Cathleen Fowler also argues the "trial on Plaintiff's NCVTA claim will not reference those photographs or any of Defendant John Fowler's conduct" as "the Court and/or jury will only address factors raised in the NCVTA." (Doc. No. 24 at 6). However, Plaintiff seeks to void a transfer made by John Fowler to Cathleen Fowler with an intent to hinder, delay, or defraud Plaintiff's recovery as a victim creditor. (Doc. No. 1); See N.C. Gen. Stat. § 39-23.4(a)(1). Thus, evidence of John Fowler's conduct may be relevant to Plaintiff's NCVTA claim.

Additionally, the Court agrees with Plaintiff that the risk of unfairness to Defendants is mitigated by their knowledge of Plaintiff's identity (Doc. No. 9-3 at 5). Defendants' ability to prepare for trial, conduct discovery, cross examine Plaintiff, impeach Plaintiff, and otherwise litigate this case should not be hampered. Plaintiff only seeks anonymity in court filings. (Doc. No. 23 at 3). Defendant Cathleen Fowler argues that Plaintiff has made serious allegations against her, and it would be unfair for her to defend herself publicly while Plaintiff prosecutes this case anonymously. (Doc. No. 16 at 7). This complaint is valid, and why the presumption is for open proceedings and disclosure of all parties by name. However, this case is one of the unique exceptions and is distinguishable from cases relied on by Defendant where the plaintiff's identity was already known to the public. Doe v. Shakur, 164 F.R.D. 359, 362 (S.D.N.Y. 1996); see also North Carolina Cent. Univ., 1999 WL 1939248, at *4 (noting plaintiff made her accusation public through her counsel's statements to the media). Here, Plaintiff's identity remains unknown to individuals outside of the dispute, and she has not aired her grievance publicly through discourse with the media. (See generally Doc. No. 23 at 9). Cathleen Fowler further argues that allowing

---

Id.

Plaintiff to proceed anonymously would result in jury confusion but has not substantiated her claim. Defendant Cathleen Fowler fails to cite instances in which such a situation has manifested or explain how any confusion cannot be adequately addressed by the Court during trial.

Thus, although the Court acknowledges that Plaintiff, now of majority, seeks relief against private individuals, and Defendants will be identified by their names, the Court finds that the circumstances and the consideration of the James factors justify the rare departure from the requirement of proceeding in one's name. The "extraordinary circumstances" of Plaintiff's request for anonymity outweigh "the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749 F.3d at 274.

IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff "Jane Doe's Motion for Leave to Proceed Under Pseudonym" (Doc. No. 9) is hereby GRANTED.

IT IS SO ORDERED.

Signed: July 16, 2018

Frank D. Whitney
Chief United States District Judge